# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| SIERRA-PACIFIC RESOURCES, INC. and NEVADA POWER COMPANY, <br><br>  Plaintiffs, <br><br> vs. <br><br> MERRILL LYNCH & CO., INC.; MERRILL LYNCH CAPITAL SERVICES, INC.; ALLEGHENY ENERGY, INC. and ALLEGHENY ENERGY SUPPLY COMPANY, LLC, <br><br>  Defendants. | 2:03-CV-0357-RCJ-LRL <br><br> **O R D E R** |

Before the Court for consideration is Defendants' Motion to Dismiss (# 89 in 2:03-CV-0357-RCJ-LRL) and Plaintiffs' Motion to File a Second Amended Complaint (# 92 in 2:03-CV-0357-RCJ-LRL). The Court has considered the motions and pleadings on file. It is hereby ordered that Defendants' Motion is *denied* and Plaintiffs' Motion is *granted.*

## BACKGROUND

Plaintiffs Sierra Pacific Resources, Inc. and Nevada Power Company ("Nevada Power" collectively "Plaintiffs") filed their claim against Defendants Merrill Lynch & Co., Inc.; Merrill Lynch Capital Services, Inc.; Allegheny Energy, Inc.; and Allegheny Energy Supply Company, LLC; (collectively "Defendants") in April 2003.

The complaint arises out of a decision of the Public Utilities Commission of Nevada ("PUC"). The PUC decision disallowed $180 million of Nevada Power's $900 million rate recovery request, based on the failure of Nevada Power to conclude a cheaper power purchase

agreement with Merrill Lynch (the "Disallowance"). Plaintiffs claim that Merrill Lynch and Allegheny conspired to procure the Disallowance by providing false and misleading representation to the Nevada PUC and other Nevada Power customers and vendors. Nevada Power appealed the Disallowance to the Nevada Supreme Court. While the appeal was pending in the Nevada Supreme Court, the parties and this Court agreed to a stay of this Action pending the Supreme Court decision.

The Nevada Supreme Court issued its Opinion and Order reversing the PUC with respect to the Disallowance on July 20, 2006. The Opinion also ordered remand to the PUC ("PUC Remand Proceedings") to determine a rate schedule "after allowing Nevada Power to recoup those costs associated with its failure to enter into a Merrill Lynch-type contract, consistent with this Opinion." *Nevada Power Company v. Public Utilities Commission of Nevada*, 138 P.3d 486, 500 (Nev. 2006).

After receiving the Nevada Supreme Court decision on the matter, the parties decided to continue the stay of this Action until the PUC Remand Proceedings were completed. Around October 11, 2006, the parties submitted a Stipulation and Proposed Order (the "Scheduling Order") to the Court.

The Court issued the Scheduling Order October 17, 2006, which included the provision to stay this case until after the PUC Remand Proceedings as well as a time frame for actions taken in this case. The time frame provided thirty days after the completion of the PUC Remand Proceedings to amend the complaint and ten days after that to issue a scheduling order. The stipulation of this second scheduling order makes the first scheduling order an agreed upon stipulation, not an actual Rule 16 scheduling order requiring dismissal for any failure to comply.

The Plaintiffs did not amend their complaint within thirty days of receiving the decision of the PUC Remand Proceedings (the decision arrived March 23, 2007, and the amended complaint was due April 22, 2007). On May 9, 2007, Defendants filed the Motion to Dismiss and on May 24, 2007, Plaintiffs filed their reply. Plaintiffs filed a Motion for Leave to File a Second Amended Complaint ("Motion to Amend") on May 29, 2007. The proposed amendment does not change the substantive causes of action; it adds four paragraphs to the current complaint.

**I. Motion to Dismiss**

    **A.    Standard of Review**

This Motion to Dismiss is based on failure to comply with the scheduling order issued by the Court and agreed upon by counsel. An action may be dismissed for failure to comply with any order of the court based on Federal Rule of Civil Procedure 41(b). *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1991). The district court has broad discretion to dismiss for failure to timely file an amended complaint. *Id.* The review of a motion to dismiss is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1403 (9th Cir. 1996). Although a court should assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt,* 643 F. 2d 618, 624 (9th Cir. 1981). On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990).

**B.     Discussion**

Under Federal Rule of Civil Procedure 16(e), pretrial orders "control the subsequent course of the action" and "shall be modified only to prevent injustice." However, a pretrial order is not a "legal 'straight-jacket' binding the parties and court to an unwavering course at trial." *Manly v. AmBase Corp.*, 337 F.3d 237, 249 (2nd Cir. 2003) (citing *Napolitano v. Compania Sud Americana De Vapores,* 421 F.2d 382, 386 (2nd Cir. 1970)). Additionally, district courts have "considerable discretion in the management of trials" including the ability to deviate from the terms of a pretrial order. *Manly*, 337 F. 3d at 249. Even though a district court has the authority to dismiss for failure to follow a court's order, "dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik,* 963 F. 2d at 1260.

The Ninth Circuit considers five items in making a final determination as to whether a case should be dismissed as sanction. The five points are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). When a court dismisses a case based on the above items, the Court should make "explicit findings" to show that it considered the factors. *Id.*

This case is different from those that were dismissed based on the five factor test because there were no abuses of delay, abuses of discovery, or other violations of a pre-trial order. This case was stayed by consent of all of the parties, including the Courts, awaiting resolution. The risk of prejudice to the Defendants is small because of the early stage of litigation and the month-long delay is inconsequential compared to the years the case has been stayed.

In *Ferdik,* the district court dismissed an action because the plaintiff failed to comply with the court's order to re-file an amended complaint to comply "with the requirements of Rule 10." 962 F. 2d at 1260. Although the Plaintiffs in this case failed to meet the deadline, the amendment was not required to meet any guidelines, rather it was agreed upon as a way to promote judicial efficiency.

### C. In the Alternative

Defendants argue that in the alternative, the Case should be dismissed because the PUC's order (at ¶15) granted recovery of $189,901,792 "which represents the entire amount [Nevada Power] is entitled to recover." Plaintiffs argue the same paragraph states "no additional carrying charges, interest, or rate of return will be added to this amount." Although $189 million represents the bulk of the amount sought, it does not include any of the incidental or consequential damages sought in this case, potential interest or damages outside the jurisdiction of the PUC.

Because there is an amount that could still be recovered, which has not been considered on the merits, this Court denies the Motion to Dismiss on this basis.

## II. Motion to Amend

### A. Standard of Review

Generally, the Court should allow amendments to pleadings under Federal Rule of Civil Procedure 15(a). In considering a motion for leave to amend a pleading under Federal Rule of Civil Procedure 15(a), the court should consider whether prejudice would exist. If no prejudice is found to exist, the court shall freely grant such motions "as justice so requires." *See Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F. 3d 708, 712 (9th Cir. 2001). Additionally, the

court may consider whether the proposed amendment results from undue delay, if it is made in bad faith, or if it is a "dilatory tactic." *Chodos v. West Publishing Co.,* 292 F. 3d 992, 1003 (9th Cir. 2002).

### B. Discussion

Plaintiffs' may file a second amended complaint because the amendment does not cause prejudice at this early stage of the litigation.

After missing the deadline, the party moving to amend must show good cause. Fed. R. Civ. P. 16(b). The Court may dismiss the motion to amend if the moving party offers no explanation for the failure to amend their complaints earlier. *Coleman v. Quaker Oats Co.*, 232 F. 3d 1271, 1294 (9th Cir. 2000).

In *Coleman*, the court denied the motion to amend because the Plaintiffs could not show good cause for not amending their complaint earlier because they had all of the information they wished to add into the amended complaint years earlier, which was before a previous amendment they made to the case and before discovery had taken place. *Id*. at 1295. Thus, the Ninth Circuit held that the district court did not err in denying the motion because it would have required reopening discovery and it would have caused prejudice to the defendant. *Id.*

In *Owens v. Kaiser*, the court held defendants offered "substantial competent evidence" to explain their delay, which included the fact that there was different counsel in a previous dismissed case and the current case. 244 F. 3d at 712. Additionally, the Ninth Circuit found that the plaintiffs were not prejudiced by allowing the defendants to amend the case because "[t]he amendment caused no delay in the proceedings and required no additional discovery." *Id.*

Even though the current litigation commenced years ago, this case is distinguished from the *Coleman* case because Defendants did not have the information they are attempting to amend until a few months ago. The case also differs because an amendment at this time would not require discovery to be reopened.

Similar to the reasoning used in *Owens,* Plaintiffs' counsel in this case is different from the counsel used in the Nevada Supreme Court Case/PUC Remand. Thus Plaintiffs argue inadvertence and mis-communication was the cause of their failure to file the amendment before the deadline. Also similar to the *Owens* case, discovery has not yet occurred in the case and an amendment at this time would not cause a delay in the proceedings.

Because this case was stayed with the intent to be amended and continued and the lack of prejudice caused by an amendment at this time, the Court will allow Plaintiffs' Motion to Amend.

## CONCLUSION

Pursuant to the above analysis, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#89) is *denied*. IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to Amend (#92) is *granted*.

DATED this 12th day of September, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE